# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSIAH CLARK, **Plaintiff,** v. COOK COUNTY SHERIFF'S OFFICE, et al., **Defendants.** | Case No. 19 C 7131 Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Defendants Cook County Sheriff's Office ("Cook County") and Sheriff Dart ("Dart") move for Summary Judgment on the issue of administrative exhaustion. (Dkt. No. 86.) Plaintiff Josiah Clark ("Clark") filed his Fourth Amended Complaint on September 27, 2022, alleging a failure to protect claim against Defendant Officer Perry and a *Monell* claim against Defendant Sheriff Dart in his official capacity. (Dkt. No. 59.) Clark also brought claims under Illinois state law. For the reasons stated herein, Defendants' Motion for Summary Judgment on the issue of administrative exhaustion is DENIED.

### I. BACKGROUND

This case arises out of 42 U.S.C. § 1983 claims regarding an attack on Clark while he was a pre-trial detainee at Cook County Jail. On June 9, 2019, Clark alleges that while he was asleep, another detainee, Jacorey Barksdale ("Barksdale"), removed the wheelchair arm from another detainee's wheelchair and used it to strike Clark four times

on the head. Clark was severely injured by the attack and spent significant time unconscious and hospitalized. Clark still suffers from the traumatic brain injury, which has required several medical procedures.

On June 20, 2023, this Court granted in part and denied in part Defendants' Motion to Dismiss, leaving: a failure to protect claim under 42 U.S.C. § 1983 against Officer Perry, and a claim based on *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978), also brought under 42 U.S.C. § 1983 against Defendant Dart concerning the jail's policy to use wheelchairs with removable arms. (*See* Dkt. No. 79.) The *Monell* claim is the only claim at issue here. Defendants now move for summary judgment on the issue of administrative exhaustion, arguing that Clark failed to submit a grievance that provided adequate notice to jail officials of his *Monell* claim.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The relevant substantive law governs whether a fact is material. *Id.* When reviewing the record on a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). If, however, the factual record cannot support a rational trier of fact to find for the nonmoving party, summary judgment is appropriate. *Id.* at 380.

### III. DISCUSSION

The Prisoner Litigation Reform Act is a federal statute that requires the exhaustion of administrative remedies by those who are in custody. It holds that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The administrative process, which typically involves filing and pursuing a grievance, is intended to allow correctional facilities "to address [issues] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolve[d], and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). To fulfill the exhaustion requirement, an incarcerated person must comply with the procedures and deadlines established by the correctional facility's policies. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). Because failure to exhaust is an affirmative defense, the burden is on the defendant to establish that the plaintiff failed to exhaust. *Maddox*, 655 F.3d at 720.

Here, Clark was required within fifteen (15) days of the incident to file a grievance with the Sheriff's Office. However, Cook County accepted Clark's grievance (No. 1903327, *see* Dkt. No. 87-2) on August 9, 2022, filed by Clark's mother on behalf of Clark, because of Clark's severe debilitation and hospitalization following the attack. (Dkt. No. 94, Plaintiff's Statement of Facts ("SOF"), ¶ 5.) This grievance explained the details of the June 9 incident, including that Barksdale removed an arm from a wheelchair and struck Clark on the head with it four times. The grievance goes on to include allegations of

deliberate indifference and failure to protect, but it does not mention removable wheelchair arms or any jail policies. Defendants do not contest that this grievance adequately alerted the jail officers of Clark's failure to protect claim. However, Defendants argue that Clark's grievance was required to include information about the issue of the jail's policy regarding wheelchairs with removable arms for Clark to be able to plead a *Monell* claim in his complaint. To prevail on a *Monell* claim, plaintiff must prove the constitutional violation was caused by a governmental "policy or custom." *Monell*, 436 U.S. at 694. Because Clark's grievance did not refer to any relevant wheelchair policy, or any issue with the design of wheelchairs used in the facility, Defendants argue he failed to exhaust his administrative remedies as to this *Monell* claim and it must be dismissed.

Clark makes the following arguments in response: (1) Clark complied with the requirements set forth by the Cook County Sheriff's Office, and under jail procedures, there is no requirement that the grievance identify any rules, procedures, or policies at the jail that caused or contributed to the incident; (2) the undisputed record shows that the Sheriff's Office was on notice that the types of wheelchairs permitted in the jail may pose a safety concern; and (3) in the alternative, the Court should hold that the administrative process is not available for Clark because it is not realistic for a detainee such as plaintiff to comprehend the totality of what happened and the widespread policy at issue in order to exhaust administrative remedies as Defendants would have it.

District courts in this circuit have held that it would be unreasonable to expect and require an inmate to know about broader policies at the correctional entity and include such information in his or her administrative grievance. *Daval v. Zahtz*, 2021 WL

2072127, at *8 (N.D. Ill. May 24, 2021) (Johnson, J.). In *Daval*, the Court noted that nothing in the Illinois Department of Corrections regulations required an inmate to meet a *Monell* pleading standard when enforcing grievance requirements strictly per the Seventh Circuit's instruction in *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). *Id.* at *8. The Court went on to find that it would be "unreasonable for an inmate to know – and then basically plead – a policy, custom, or practice." *Id*. See also *Calderson v. Wexford Health Sources, Inc.*, 2023 WL 1100261, at *5 (S.D. Ill. Jan. 30, 2023) (similar); *Cohn v. Wexford Health Sources, Inc.*, 2022 WL 2802304, at *4 (S.D. Ill. Jul. 18, 2022) (acknowledging that "[r]equiring inmates with no formal legal education to articulate the subtleties of a *Monell* claim or a third-party beneficiary action on a grievance form is asking a lot.") (*citing Johnson v. Shah*, 2017 WL 119175, at *2 (S.D. Ill. Jan. 12, 2017).

Defendants cite a footnote in *King v. Dart*, in which the Seventh Circuit found an inmate plaintiff waived his argument that the district court erred in granting summary judgment on his *Monell* claim. 63 F. 4th 602, 605 (7th Cir. 2023). The Court went on to note that even were the argument not waived, it would still fail because "[t]o plead a claim based on a defendant's widespread practice, it is not enough to allege that, in one instance, a tier officer left his tier unsupervised to provide backup for another officer," but rather the inmate must plead "widespread practice" of this behavior. *Id*. at 605, n. 1. Being *dicta*, the Court will not adhere to this footnote as the Seventh Circuit's final position on *Monell* administrative exhaustion. Rather, the Court follows its sister courts in this circuit, and adheres to Seventh Circuit instruction that in assessing whether an inmate has exhausted administrative remedies, the inquiry is whether the inmate "articulat[ed]

facts the prison could reasonably expect from a prisoner in his position." *Glick v. Walker*, 385 Fed. Appx. 579, 582 (7th Cir. 2010). *See also Gooch v. Young*, 24 F.4th 624, 628 (7th Cir. 2022) (administrative remedy that a prisoner is required to exhaust under the PLRA must be "available in fact and not merely in form.")

Defendants assert that Clark's grievance was required to address the jail's use of wheelchairs with removable arms, since "[t]his information was known to Plaintiff at the time he filed his grievance." (Dkt. No. 98 at 7). Defendants offer and cite to nothing in the record that supports that Clark was aware either that the was struck by a wheelchair arm that was removable by design, or that the jail's wheelchairs as a policy or practice, by design, had removable arms. It is not reasonable that 15 days after being struck in the head during sleep with a wheelchair arm, resulting in days of unconsciousness, several surgeries, and a lengthy hospitalization, an inmate would know that the wheelchair arm used to strike him came from a wheelchair designed to have removable arms or that the jail had a practice of using wheelchairs with removable arms. It is possible Clark believed Barksdale removed a wheelchair arm by force. If so, it would not be reasonable to expect Clark to plead information regarding the removable wheelchair arm design in his administrative grievance. As a result, the Court does not find it necessary to require Clark to have pled information about the removable wheelchair arm in order to exhaust his administrative remedies with respect to his *Monell* claim.

The cases Defendants cite are distinguishable in that they do not concern administrative exhaustion in the context of a *Monell* claim. Further, the information the inmates were required to plead in the cases Defendants cite were reasonably knowable

to the plaintiffs at the time of their grievance. In *Bowers v. Dart*, the court found a prisoner failed to administratively exhaust a claim where his federal complaint alleged correctional officers had advance notice of an attack by fellow prisoners but failed to protect him, while his prison grievance alleged the officers failed to come to his aid during the attack. 1 F.4th 513, 517-18 (7th Cir. 2021). In his federal complaint, the plaintiff alleged that he himself "made repeated complaints to defendants [] that he had received threats of physical violence from other detainees and requested to be moved to a different housing unit." *Id.* at 518. Thus, the information the court found to be fatally missing from plaintiff's prison grievance was known to plaintiff at the time of his grievance and should have been included. The Court does not have the same assurance here, that Clark knew about the nature of wheelchair designs in the jail. In *Venson v. Russell*, 2022 WL 9462232, at *5 (N.D. Ill. Oct. 14, 2022), the inmate failed to include information in his prison grievance about how the correctional officers were deliberately indifferent when they escorted plaintiff and other inmates chained together down the stairs, resulting in an injurious fall. This information was something knowable to the plaintiff at the time of her grievance. In *Schillinger v. Kiley*, 954 F.3d 990 (7th Cir. 2020), the inmate failed to raise the fact that no guards were nearby when the attack occurred, and that the responding guards took too long to come to his aid. *Id.* at 996. Again, the absence of the guards would have been within plaintiff's knowledge at the time of filing the grievance. And in *Clark v. Trammell*, 2023 WL 2745009, at *4 (N.D. Ill. Mar. 31, 2023), which did not involve a *Monell* claim, this Court found plaintiff's grievance was substantively distinct from his complaint because the complaint alleged that the correctional officer failed to

test him for dangerous levels of phenytoin in the months preceding his grand mal seizure, while his grievance indicates only that no officer responded immediately to his seizure. *Id*.

A reasonable inmate in Clark's position would not necessarily have access to information about the manner in which the wheelchair arm was removed from the wheelchair, or the prison's practice to have wheelchairs designed to have removable arms. As such, the Court will not hold Clark to a standard requiring him to plead information he would not reasonably know. Clark did not fail to exhaust his administrative remedies on his Section 1983 *Monell* claim, and Defendants' Motion for Summary Judgment is denied.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion for Summary Judgment is denied. The parties are instructed to submit a joint status report and the Court will schedule a status conference accordingly.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 1/12/2024